CLAY, J.,
dissenting.
The majority claims that the arbitrator’s decision fails to draw its essence from the parties’ collective bargaining agreement (“CBA”); in my view, however, the district court impermissibly substituted its judgment for that of the arbitrator, and, apparently forgetting that review of an arbitration award is “one of the narrowest standards of judicial review in all of American jurisprudence,” Lattimer-Stevens Co. v. United Steelworkers, 913 F.2d 1166, 1169 (6th Cir.1990), the majority repeats the district court’s mistake. I therefore respectfully dissent.
“Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than a judge, it is the arbitrator’s view of the facts and of the meaning of the contract that they have agreed to accept.” United Paperworkers Int’l Union v. Misco, Inc., 484 U.S. 29, 37-8, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). It is firmly established that “so far as the arbitrator’s decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.” United Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) (empha *464 sis added); see also Misco, 484 U.S. at 38, 108 S.Ct. 364 (stating that so long as the arbitrator “is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision”). In the instant case, the arbitrator’s determination that Sterling’s actions fell under the subcontracting clause was clearly an interpretation of the CBA, committed to his discretion and bargained for by the parties, and the majority has “no business overruling” this determination simply because they believe that the management rights clause of the CBA applies. Enterprise Wheel, 363 U.S. at 596, 80 S.Ct. 1358.
Like the district court, the majority confuses the arbitrator’s interpretation of the CBA with the relief ordered. The arbitrator determined that under the CBA, Sterling’s actions amounted to impermissible subcontracting. Then, as relief for this violation of the contract, the arbitrator ordered that the plant be reopened. The majority ignores the fact that the arbitrator applied the contract and acted within his authority in rendering his decision, and instead gets caught up in the plant reopening remedy. I concede that it is impossible to carry out the ordered remedy and reopen the plant at this time, as it has been closed for over three years.[1] However, simply because the relief ordered by the arbitrator is impracticable, it does not follow that arbitrator’s award must be vacated in its entirety. In a similar situation, the Third Circuit held that an arbitrator’s decision drew its essence from the CBA, but that changed circumstances had likely rendered the awarded remedy of plant reopening futile. See Teamsters Union Local No. 115 v. DeSoto, Inc., 725 F.2d 931, 939 (3d Cir.1984). Recognizing that it was prohibited from substituting its own interpretation of the CBA for the arbitrator’s interpretation, the court correctly concluded that the arbitrator’s overall decision must be upheld, but that “[t]o enforce the arbitrator’s original [plant reopening] remedy now would be not only fruitless, but also punitive.” Id. at 942. Instead of entirely replacing the arbitrator’s decision with its own reading of the CBA, the majority should have only vacated the arbitrator’s remedy and remanded the award to the arbitrator to refashion appropriate relief for Sterling’s violation of the CBA. See, id. at 938-39.
*465 Because the arbitrator “arguably constru[ed] or applied] the contract and act[ed] within the scope of his authority,” I respectfully dissent from the majority’s erroneous substitution of its own interpretation of the parties’ CBA for the arbitrator’s decision. Misco, 484 U.S. at 38, 108 S.Ct. 364.

. Although I concede that the ordered plant reopening cannot be upheld in the instant case, I note that plant reopening is not a per se exceptional or inappropriate remedy. See UFI Razor Blades, Inc. v. Dist. 65, Wholesale, Retail, Office and Processing Union, 610 F.2d 1018, 1023 (2d Cir.1979) (“An arbitrator, like the NLRB, may order resumption of operations and reinstatement with back pay as remedies for subcontracting violations.”); United Elec. Radio and Mach. Workers v. Honeywell, Inc., 522 F.2d 1221, 1226 (7th Cir.1975) (noting that because "arbitrators are to be allowed flexibility in formulating remedies,” “courts repeatedly have upheld awards requiring companies to return operations and equipment which have been moved to other locations in violation of subcontracting clauses”); Selb Mfg. Co. v. Int'l Ass’n of Machinists, Dist. No. 9, 305 F.2d 177, 179 (8th Cir. 1962) (upholding arbitration panel’s order that company return machinery, work and equipment to closed plant, and rehire with full compensation and seniority workers who had been laid off); see also Vico Prods. Co., Inc. v. NLRB, 333 F.3d 198, 212 (D.C.Cir. 2003) (holding that NLRB has authority to order reestablishment of business operations for subcontracting in violation of Section 8(d) of the National Labor Relations Act); NLRB v. G & T Terminal Packaging Co., Inc., 246 F.3d 103, 121 (2d Cir.2001) (same); Coronet Foods, Inc. v. NLRB, 158 F.3d 782, 785 (4th Cir.1998) (same); Mid-South Bottling Co. v. NLRB, 876 F.2d 458, 461 (5th Cir.1989) (same); Woodline Motor Freight, Inc. v. NLRB, 843 F.2d 285, 291 (8th Cir.1988) (same); NLRB v. Townhouse T.V. & Appliances, Inc., 531 F.2d 826, 830-31 (7th Cir. 1976) (same).